**EXHIBIT C**

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT
DEPT. OF THE TRIAL COURT
C.A. No. WOCV2013-00512-B

| | |
|---|---|
| Molly Karp, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>The Gap, Inc.<br><br>Defendant. | Jury Trial Demanded |

### AMENDED CLASS ACTION COMPLAINT

1. Plaintiff, Molly Karp, brings this Amended Class Action Complaint against The Gap, Inc., on her own behalf and that of all others similarly situated, seeking declaratory, injunctive and monetary relief to remedy The Gap's unlawful recording and use of its customers' personal identification information when they make purchases using a credit and/or debit card in its stores.

2. Massachusetts law prohibits businesses from requesting and recording a customer's personal identification information that is not required by the card issuer. M.G.L. c. 93, § 105(a). By statute, personal identification information includes but is not limited to the customer's address and telephone number. *Id.* Card issuers do not require that The Gap obtain customers' zip codes.

3.  In its Massachusetts stores, The Gap requests customers' zip codes when they make a purchase using a credit and/or debit card. It records the zip codes on its electronic transaction forms.

4.  The Gap requests this information for the purpose of obtaining its customers' addresses through the use of third party data services, then compiling mailing lists which it then uses for its own direct marketing, or it sells to other businesses for their direct marketing purposes. It does so without obtaining its customers' consent.

5.  The Gap's actions violate M.G.L. c. 93, § 105(a), M.G.L. c. 93A, § 2, 9, and the privacy rights of its customers.

### Jurisdiction

6.  This Court has jurisdiction over this class action pursuant to M.G.L. c. 214, §§ 1, 5; c. 212, § 3, and c. 231A, § 1.

7.  Venue lies in this county because the Defendant does business in the county and has at least one store in the county.

### Parties

8.  Plaintiff Molly Karp is a Massachusetts resident and resides in Natick, Middlesex County.

9.  Defendant The Gap, Inc. is a California corporation with its principal place of business at 2 Folsom Street, San Francisco, California 94105. The Gap does business throughout Massachusetts, and in this county.

### Applicable Law

10. M.G.L. c. 93, § 105 provides, in relevant part:

(a) No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or

require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.[1]

11. A zip code is personal identification information. Entering a zip code on an electronic form constitutes writing the zip code for purposes of the statute. *Tyler v. Michaels Stores*, 464 Mass. 492 (2013).

**Facts**

12. Over the past four years, Ms. Karp has shopped at The Gap more than ten times, primarily at The Gap store located in Wellesley, Massachusetts, to purchase clothes for herself.

13. When Ms. Karp was making a purchase at The Gap using a Visa credit or debit card, a Gap employee asked Ms. Karp to provide her zip code. She was not informed that her zip code was being requested for marketing purposes. She provided it believing that it was required to complete her transaction.

14. Ms. Karp subsequently received unsolicited and unwanted direct marketing material.

15. The Gap has a policy of automatically requesting a customer's zip code in all credit or debit card transactions, and recording the zip code electronically in connection with the transaction. This information is not required for verification by the card issuer.

16. The Gap has a policy of using its customers' zip codes, and information obtained from third party databases, *inter alia*, to send marketing materials to customers. The Gap also has a policy of sharing this information with other Gap brands, and upon information and belief, other companies.

---

[1] M.G.L. c. 93, § 104 defines "credit card" as "any instrument or device, whether known as a credit card, credit plate, or by any other name, issued with or without fee by an issuer for the use of the card holder in obtaining money, goods, services, or anything else of value on credit. Credit card shall not include a check guarantee card."

17. The Gap's policies harm Massachusetts consumers by subjecting them to unwanted junk mail, and other marketing without their consent.

### Class Allegations

18. Ms. Karp brings this action on behalf of herself and all other persons in Massachusetts pursuant to Mass. R. Civ. P. 23, and/or M.G.L. c. 93A, § 9(2) who, in the past four years:

    a) made a purchase at a Gap store in Massachusetts, using a credit and/or debit card;

    b) provided their zip code at the point of sale; and

    c) their zip code was recorded by The Gap.

19. The Gap's conduct with respect to the Plaintiff and class members was consistent with and pursuant to its uniform policy to request and record customer's zip codes for purposes of marketing.

20. The members of the class are so numerous that joinder of all members is impracticable. The Gap has 45 stores in Massachusetts.

21. Plaintiff's claims are typical of the claims of the class members because, like Plaintiff, each class member provided the Gap with his or her zip code when making a purchase by credit and/or debit card.

22. Plaintiff will fairly and adequately protect the interests of the class. She has retained counsel competent and experienced in class action litigation.

23. Common questions of law and fact exist as to all class members and predominate over any questions solely affecting individual class members. Among the questions of law and fact common to the class are:

    a) whether The Gap has a policy of requesting and recording personal identification information from its customers who use a credit and/or debit

        card;

b)     whether the requested information is required by the card issuer;

c)     whether The Gap uses customers' personal information for marketing or other commercial purposes;

d)     whether The Gap's practices violate M.G.L. c. 93, § 105;

e)     whether the Gap's practices are unfair or deceptive under M.G.L. c. 93A;

f)     whether the class is entitled to declaratory relief;

g)     whether The Gap's use of its customers' personal identification information constitutes unjust enrichment;

h)     whether The Gap's actions harm its customers;

i)     the appropriate measure of damages.

24.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Furthermore, while the damages that have been suffered by, and that will continue to be suffered by, individual class members are not insignificant, the expense and burden of individual litigation would make it impossible for class members to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action. The class members can be identified from The Gap's business records.

25.     The prosecution of separate actions against The Gap would create a risk of inconsistent or varying adjudications with respect to the individual class members, which would establish incompatible standards of conduct for The Gap. In addition, adjudications with respect to individual class members could as a practical matter be dispositive of the interests of the other class members not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

## Count I
## Declaratory Relief

26.     Pursuant to M.G.L. c. 231A, § 1, Ms. Karp and class members seek a declaration

that The Gap's conduct described above violates M.G.L. c. 93, § 105.

### Count II
### Unjust Enrichment

27. The Gap has benefited unjustly by collecting and recording its customers' personal identification information, and using it for marketing purposes or to sell to other businesses without their consent, or for other business purposes.

28. As a direct and proximate result of The Gap's collection and recordation and use of customers' personal identification information, Plaintiff and class members have suffered damages in an amount to be proven at trial.

### Count III
### Violation of Chapter 93A

29. By the conduct complained of, The Gap engaged in unfair and deceptive practices when it requested and recorded personal identification information from customers who made purchases in its stores using credit and/or debit cards, in violation of M.G.L. c. 93, § 105. As a result thereof, Plaintiff and members of the class have been damaged in an amount to be determined at trial.

30. The Gap's unfair and deceptive practices include, without limitation: obtaining Plaintiff's and class members' personal identification information and using it without their consent; subjecting Plaintiff and class members to direct mail marketing.

31. The Gap's actions were willful and knowing within the meaning of M.G.L. c. 93A, § 9(3).

32. On April 9, 2013, Plaintiff sent a demand pursuant to M.G.L. c. 93A, § 9(3) to Defendant, demanding relief for Defendant's practices on behalf of herself and a class of similarly situated individuals in Massachusetts. A copy is attached as Exhibit A. Defendant failed to make a reasonable offer of relief to Plaintiff or the proposed class.

## Prayer For Relief

WHEREFORE, Plaintiff prays for relief as follows:

A. An order allowing this action to proceed as a class action under Mass. R. Civ. P. 23, or M.G.L. c. 93A, § 9(2);

B. Determining that The Gap's conduct violated M.G.L. c. 93, § 105, and the privacy rights of its customers;

C. Determining that The Gap's conduct constitutes unjust enrichment;

D. Determining that The Gap's conduct constitutes a violation of M.G.L. c. 93, §§ 2 and 9;

E. Awarding the Plaintiff and the class actual damages or minimum damages for each trebled violation;

F. Awarding the Plaintiff and the class attorney's fees and costs;

G. Awarding Plaintiff and the class damages in an amount to be proven at trial;

H. Entering a permanent injunction enjoining The Gap from requesting and recording any personal identification information from customers using a credit and/or debit card, unless such information is required by the card issuer;

I. For such other and further relief as the Court may deem just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

*[signature]*

Elizabeth Ryan (BBO No. 549632)
John Roddy (BBO No. 424240)
Bailey & Glasser LLP
125 Summer Street, Suite 1030
Boston, MA 02110
(617) 439-6730 (phone)
(617) 951-3954 (fax)

Dated: June 11, 2013

A



**BAILEY & GLASSER** LLP

Lawyers
Internet www.baileyglasser.com
Phone (617) 439-6730  Fax (617) 951-3954

125 Summer Street, Suite 1030
Boston, MA 02110

April 9, 2013

*Via Certified Mail*

General Counsel
The Gap, Inc.
2 Folsom Street
San Francisco, CA 94105

Re: Molly Karp And A Class Of Similarly Situated Borrowers

Dear Sir or Madam:

This is a demand for relief pursuant to Massachusetts General Laws, Chapter 93A, made on behalf of Molly Karp of Natick, Massachusetts, and a class of similarly situated individuals in Massachusetts whom she seeks to represent. Ms. Karp and class members have suffered damages as a direct result of The Gap, Inc.'s (The Gap) unfair and deceptive practices when it requests and records personal identification information from customers who make purchases in its stores using credit cards. The Gap's conduct violates M.G.L. c. 93, §105, and M.G.L. c. 93A, §2.

The following outline describes these violations of law and provides you with an opportunity to settle this matter without litigation. Although not all-inclusive, the following summary is more than sufficient to demonstrate the violations of law in which The Gap has engaged.

## Facts

Over the past four years, Ms. Karp has shopped at The Gap more than ten times. Ms. Karp shopped primarily at the The Gap store located in Wellesley, Massachusetts, and purchased clothes for herself.

When making a purchase at The Gap using a Visa credit or debit card, Ms. Karp was asked to provide her zip code. She was not informed that her zip code was being requested for marketing purposes. She provided it believing that it was required to complete her transaction. Ms. Karp subsequently received unsolicited and unwanted direct marketing material at her home. The Gap has a policy of automatically requesting a customer's zip code in all credit transactions, and recording the zip code electronically in connection with the transaction. This information is not required for verification by the card issuer.

The Gap has a policy of using its customers' zip codes, and information obtained from third party databases, to send marketing materials to customers without their consent. The Gap also has a policy of sharing this information with other companies without consent. The Gap's

The Gap, Inc.
April 9, 2013
Page 2 of 3

policies harmed Ms. Karp and others similarly situated by subjecting them to unwanted junk mail, and other marketing without their consent.

### Violations of Massachusetts Law

M.G.L. c. 93, § 105 provides, in relevant part:

(a) No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

A zip code is personal identification information. Entering a zip code on an electronic form constitutes writing the zip code for purposes of the statute. *Tyler v. Michaels Stores*, 464 Mass. 492 (2013). Recording and using a customer's personal identification information for direct mail marketing purposes injures customers.

A violation of M.G.L. c. 93, § 105 is "deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A." M.G.L. c. 93, § 105(d).

### Demand for Relief

Ms. Karp and the putative class have been injured by The Gap's actions including: their personal information has been obtained and used without their consent; they have been subject to direct mail marketing at their homes.

Accordingly, on behalf of Ms. Karp and the class she seeks to represent of individuals in Massachusetts who have made purchases at a Gap Massachusetts store during the past 4 years, and who were asked to provide and did provide personal identification information, including a zip code when making a purchase by credit or debit card, I hereby demand that The Gap do the following:

a)     pay statutory damages for unfair and deceptive debt collection practices;

b)     pay reasonable attorney's fees and costs.

M.G.L. c. 93A, § 9 provides you with the opportunity to make a reasonable written settlement offer within thirty days of your receipt of this letter. If no reasonable settlement offer is made and this matter is litigated, Ms. Karp and the class may recover up to three times their actual damages, plus punitive damages, statutory damages, attorney's fees and costs.

In this regard, I direct your attention to the Massachusetts Supreme Judicial Court's view of the policy behind c. 93A's settlement encouraging directive.

> Indeed, the conduct proscribed by the Statute *is as much the failure to make a reasonable settlement offer* as it is the substantive violation of c. 93A. Multiple

The Gap, Inc.
April 9, 2013
Page 3 of 3

damages are "the appropriate punishment" for forcing plaintiffs to litigate clearly valid claims.

*Int'l Fidelity Ins. Co. v. Wilson*, 443 N.E. 2d 1308, 1318 (1983) (emphasis added). *See also Rini v. United Van Lines, Inc.*, 903 F. Supp. 224, 233 (D. Mass. 1995), *rev'd on other grounds*, 104 F.3d 502 (1st Cir. 1997) (finding of bad faith in responding to a 93A demand letter supports award of treble damages).

I look forward to hearing from you regarding this matter.

Sincerely,

Elizabeth Ryan

cc: Molly Karp